UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LETITIA ANN WEST,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

CASE NO. C06-1029JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on an unopposed motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, a motion for summary judgment (Dkt. # 12). Based on the court's review of the papers filed in connection with the motion, the court GRANTS the Government's[1] motion.

---

[1] Although Ms. West names the IRS in her pleading, the court notes that she may only maintain her action against the United States. See 26 U.S.C. § 7422(f)(1). The court therefore substitutes the United States as the proper defendant and dismisses the IRS as a party. The court refers to the United States in this order as "the Government."

ORDER – 1

## II.  BACKGROUND

Plaintiff Letitia West brings this action to collect a refund related to her 1999 federal income tax return.  Ms. West filed her 1999 return with the Internal Revenue Service ("IRS") in September 2003.  In October 2003, the IRS (1) assessed $1,489 in overdue taxes, (2) credited $796 in overpayment, and (3) calculated a $173.25 late filing penalty and $236.83 in interest for the 1999 tax year.  Bent Decl. ¶ 5, Ex. A (IRS Form 4340: Certificate of Assessments, Payments, and Other Specified Matters).  In March 2004, the IRS applied a credit to Ms. West's 1999 tax liability as a result of a $365 overpayment on her 2003 income taxes.  Id.

The sequence of events from this point forward is unclear.  Ms. West appears to have made a formal request to the IRS for a refund on January 23, 2004.  Bent Decl. ¶ 6, Ex. B (Individual Master File) at 2.  Based on the "Individual Master File" data that the Government submits in support of its motion, it appears that Ms. West made a number of additional requests related to a refund, see id.; however, there is no corresponding date related to these other requests.  In any event, none of the requests could have occurred before September 2003, when Ms. West filed her 1999 tax return.

Ms. West's claim for a refund stems from the fact that, at some point, she (or the IRS) determined that she could claim an Earned Income Tax Credit ("EITC") for the 1999 tax year in the amount of $2,865.  Bent Decl. ¶ 5, Ex. A.  As a result, on February 7, 2005, the IRS abated all of Ms. West's tax liability – i.e., the $1,489 tax, the $173.25 late filing penalty, and the $236.83 interest.  Id.

ORDER – 2

1    According to Ms. West, she received a letter from the IRS in January 2005
2  confirming that she would receive a refund for the 1999 tax year in the amount of
3  $4,026.[2] Compl. at 2. After further correspondence, Ms. West learned in January 2006
4  that she would receive only $365 "based on the refund statute, because [she] filed after
5  the three year minimum." Id. at 2-3. Unsure of how the healthy four-figure sum
6  dwindled to such a paltry number, Ms. West filed suit to recover the difference between
7  the two amounts: $3,361, not including interest.
8    The Government now moves to dismiss the action for lack of subject matter
9  jurisdiction pursuant to Rule 12(b)(1), or in the alternative, it invites the court to convert
10 its submission into a summary judgment motion pursuant to Rule 56 of the Federal Rules
11 of Civil Procedure.

### III.   ANALYSIS

**A.    Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a defendant asserts a facial challenge, the court accepts the factual allegations in the complaint as true and the non-moving party is entitled to have those facts construed in the light most favorable to her. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Where, as here, the jurisdictional attack is factual, the defendant may rely on affidavits or other extrinsic evidence, and the

---

[2]The $4,026 figure represents the $796 overpayment from 1999, the $2,865 EITC, and the $365 overpayment from 2003.

ORDER – 3

court does not apply any presumptions of truthfulness to the allegations in the complaint.[3] To defeat a factual challenge, the plaintiff must come forward with evidence establishing jurisdiction. Thornhill Publ'n Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

By comparison, on a summary judgment motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Where the non-moving party, as here, fails to oppose a summary judgment motion, the court must still apply the above standard consistent with Fed. R. Civ. P. 56. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that the court may not grant summary judgment merely because motion is unopposed, even where local rules are

---

[3] Although the Government does not explain the basis for its Rule 12(b)(1) motion, the court assumes that it makes a jurisdictional challenge because, as a general rule, a claimant seeking a refund from the federal government must show that his or her claim falls within the narrow statutory provisions that waive sovereign immunity. See United States v. Dalm, 494 U.S. 596, 602 (1990) (reasoning that, because taxpayer failed to file an administrative claim within the limitations period, the district court lacked jurisdiction over the refund action); Zeier v. United States, 80 F.3d 1360, 1364 (9th Cir. 1996) (holding that 26 U.S.C. § 6511(b)(2)(A) is jurisdictional).

ORDER – 4

1 to the contrary).  The court must determine if the moving party's papers are sufficient to

2 demonstrate that there is no genuine issue of material fact and judgment is appropriate as

3 a matter of law.  See id. at 950.

**B.    Ms. West's Refund Action**

Under either standard outlined above, the court concludes that Ms. West has already received the refund that the federal tax code entitles her to collect.  The relevant refund provision provides:

> (a) Period of limitation on filing claim. --Claim for credit or refund of an overpayment of any tax imposed by this title . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . .
>
> (b) Limitation on allowance of credits and refunds. . . .
>     (2) Limit on amount of credit or refund.
>     (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. . . .
>     (B) Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

26 U.S.C. § 6511.  In application, subsection (a) restricts the *time* in which the taxpayer may claim a refund, while subsection (b) places a limit on the *amount* that the taxpayer may recover.  Id.

At the outset, the Government concedes that the court may consider Ms. West's September 2003 act of filing her 1999 tax return as an implicit claim for a refund. Mot. at 4.  Ms. West's claim is therefore well within the three-year limitations period described above as the date of her request for a refund occurred on the same day she filed her return.

ORDER – 5

Despite its timeliness, Ms. West's refund claim ultimately fails under the limitations of subsection (b). This latter provision restricts her refundable amount to whatever taxes she "paid" during a "look back" period beginning three years prior to the date of her claim – i.e., any overpayments she made between September 2000 and September 2003. See 26 U.S.C. § 6511(b)(2)(A). Ms. West "paid" the amounts she seeks to recover (the $2,865 EITC and the $796 overpayment) on April 15, 2000.[4] Thus, her claim of September 2003 cannot reach the April 2000 payments. Id.

Further, the Government indicates that the only tax Ms. West paid during *any* "look back" period from the date of *any* of her refund requests is the $365 overpayment, which the IRS credited to her 1999 taxes on March 29, 2004. Bent Decl., Ex. A. As required, the Government has already refunded Ms. West this amount. Because the motion is unopposed, the court has no contrary evidence from which to conclude that Ms. West paid any other amount besides the $365 sum during any relevant time period. As such, Ms. West's claim to recover any additional amount fails and the court must GRANT the Government's motion.

The court appreciates Ms. West's frustration over her current situation. In her complaint, she correctly notes that, had she received assistance in filing her 1999 tax return sooner, she likely would have captured the amounts in question. Unfortunately for

---

[4] Although the court cannot discern when Ms. West (or the IRS) determined that the EITC applied to her 1999 return, compare Mot. at 2, with Bent Decl. ¶ 5, the timing of this event is immaterial. As the Government notes, the EITC is an "overpayment" that the IRS credits to the taxpayer as of April 15 for the year following the relevant tax year (here, April 15, 2000 for the 1999 tax year). See Israel v. United States, 356 F.3d 221, 225 (2nd Cir. 2004) (holding that taxpayers could not obtain refund of EITC with respect to tax returns filed more than five years after due date because EITC was "paid" as of the filing deadline for the tax year in question). Thus, regardless of when the IRS or Ms. West discovered the EITC, her overpayment occurred on April 15, 2000. Likewise, her $796 overpayment occurred on April 15, 2000. See 26 U.S.C. § 6513(b) (withholding taxes deemed "paid" on April 15 of the year following the tax year in question).

ORDER – 6

Ms. West, the court cannot waive the requirements contained in 26 U.S.C. § 6511.  See United States v. Brockamp, 519 U.S. 347, 354 (1997) ("Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations.").

### IV.  CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion (Dkt. # 12) and dismisses Ms. West's refund action.

Dated this 20th day of February, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 7